UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-05865-JLS-E                                                                 Date:  September 16, 2024

Title:  Zula Tucker Living Trust Dated September 15, 2006, Fred Tucker, Trustee v. JP Morgan Chase Bank, N.A., et al

Present: <u>**Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**</u>

<u>  Derek Davis  </u>                                                               <u>     N/A     </u>
     Deputy Clerk                                                                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:       ATTORNEYS PRESENT FOR DEFENDANT:

  Not Present                                                                          Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED DUE TO LACK OF ATTORNEY**

    Pro se Plaintiff Zula Tucker Living Trust Dated September 15, 2006, Fred Tucker Trustee initiated this action on June 11, 2024, in Los Angeles Superior Court against Defendants JP Morgan Chase Bank, N.A. ("Chase"), National Default Servicing Corporation, and 50 Doe defendants.  (Notice of Removal, Doc. 1.)  Plaintiff asserts claims for violations of the Truth in Lending Act, wrongful foreclosure, accounting, breach of implied covenant of good faith and fair dealing, and fraud.  (*See generally* Compl., Doc. 1, Ex. 1.)  Defendant Chase timely removed the action and filed a Motion to Dismiss, currently set for hearing on October 11, 2024.  (Mot., Doc. 8.)

    In its Motion, Chase argues that Plaintiff does not have standing to bring any of the claims because Plaintiff is not a real party in interest.  (Mot. at 15.)  "Under Federal rule of Civil Procedure 17(a), every action must be prosecuted in the name of the real party in interest."  *Cornhusker Casualty Co. v. O'Neill Plumbing Co.*, 143 Fed Appx. 762, 763 (9th Cir. 2005).  Here, the complaint alleges that Fred Tucker is a trustee appearing on behalf of the trust.  (Compl. ¶ 7.)  But the Ninth Circuit has explained that trustees do not have authority to appear pro se on behalf of their trusts, because a trustee is generally not the real party in interest.  *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *Ayler v. Bac Home Loans Servicing, LP*, U.S. Dist. LEXIS 112196 (C.D. Cal. Aug. 8, 2012) (dismissing case where trustee lacked standing to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-05865-JLS-E                                                                         Date:  September 16, 2024

Title:  Zula Tucker Living Trust Dated September 15, 2006, Fred Tucker, Trustee v. JP Morgan Chase Bank, N.A., et al

contest foreclosure of trust-owned property, and trust did not appear through counsel); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity.").

Accordingly, the Court now ORDERS Plaintiff to show cause as to why this action should not be dismissed for lack of standing.  Plaintiff shall file a response within **fourteen (14)** days of this Order's issuance.  The Court will consider a notice of appearance by a licensed attorney on behalf of the Trust to be an appropriate response to this order.

The hearing on the Motion to Dismiss scheduled for October 11, 2024, is VACATED.  The Court will set a new date for the hearing, if necessary, depending on Plaintiff's response to this order.

Initials of Deputy Clerk: dd